UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **POLAND MARK GUILLORY** | : | **CIVIL ACTION NO. 2:13-cv-759** |
| **VERSUS** | : | |
| **ANWAR HILL, JACKSON TRANSPORT LLC, AND PROGRESSIVE SPECIALTY INS. CO., LOUISIANA FARM BUREAU CAS. INS. CO.** | : : : | **JUDGE MINALDI** **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court is the Motion to Remand by plaintiff, Poland Mark Guillory. Doc. 6. For the reasons discussed herein, the motion is GRANTED.

### Background

Plaintiff filed suit on December 6, 2012, in the 14th Judicial District Court in and for the Parish of Calcasieu, State of Louisiana. Doc. 1, att. 3. Defendant Progressive Specialty Insurance Company ("Progressive") removed the case to this court on April 11, 2013, on the belief that this court had subject matter jurisdiction on the basis of diversity. Doc. 1.

The Notice of Removal indicates that all defendants are not domiciled in Louisiana, that all defendants are diverse in citizenship from plaintiff, and that the amount in controversy exceeds $75,000, exclusive of interest and costs. Doc. 1. Plaintiff is a Louisiana domiciliary. And plaintiff's original petition for damages indicated that defendant Louisiana Farm Bureau Casualty Insurance Company ("Farm Bureau") is foreign to Louisiana. Doc. 1, att. 3, p. 3. Progressive accepted this jurisdictional information as true when it removed the case to this court.

In the instant motion, however, plaintiff alleges that he mistakenly identified Farm Bureau's citizenship in the petition for damages. Doc 6. Attached to the motion is a print-out of a Louisiana Department of Insurance database search which indicates that Farm Bureau is domiciled in Louisiana. Doc. 6, att. 3. As such, plaintiff argues that remand is proper because Farm Bureau destroys complete diversity. Doc. 6.

Progressive filed a response to the instant motion; however, the response makes no attempt to controvert plaintiff's allegations regarding Farm Bureau's true citizenship. Doc. 9.

## Law and Analysis

Any civil action brought in a State court of which the district courts have original jurisdiction may be removed to the proper district court. 28 U.S.C. § 1441(a). Removing parties bear the burden of showing that federal jurisdiction exists and that removal was proper. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

District courts have original jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a)(1). The citizenship provision requires complete diversity among the parties. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

Plaintiff has put forward evidence indicating that Farm Bureau is domiciled in Louisiana. Progressive did not dispute this evidence in its response. As the removing defendant, Progressive has the burden of demonstrating that this court has subject matter jurisdiction, including the burden of demonstrating that plaintiff and all defendants are completely diverse in citizenship. It plainly has not satisfied this burden. Accordingly, the motion is GRANTED.

A separate Order of Remand is being issued herewith. The effect of the Order will be suspended for a period of fourteen (14) days from today's date to allow the parties to appeal to

-3-

the district court for review. Should either party seek review from the district court, then the effect of this Order is suspended until final resolution of the issue by the district court.

THUS DONE this 28th day of May, 2013.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE